IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHUO QUAN MIAO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DANIELLE LACAMPAGNE, et al.,<br><br>　　　　Defendants. | Case No. 25-cv-06784-CRB<br><br>**ORDER GRANTING IFP MOTION; DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER; ABSTAINING UNDER COLORADO RIVER DOCTRINE** |

　　　　Plaintiff Zhou Quan Miao filed a pro se complaint and application to proceed in forma pauperis. See Compl. (dkt. 1); IFP App. (dkt. 2). 28 U.S.C. § 1915(a) authorizes the Court to permit a plaintiff to file a federal lawsuit without prepayment of fees or security so long as the plaintiff submits an affidavit showing that he is unable to pay the fees or give security. Plaintiff states that he has no income, $8,000 in assets, and $600 in monthly expenses. IFP App. ¶¶ 1–2, 7–8. Based on this information, the Court finds that Plaintiff has demonstrated that he is unable to pay the filing fee and **GRANTS** his IFP application.

　　　　The IFP statute further requires the Court to screen Plaintiff's complaint and dismiss the case if, among other things, the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). Plaintiff contends that Defendants, California officials, have acted unconstitutionally with respect to a conservatorship dispute. Compl. at 5–6. Accordingly, Plaintiff asks the Court to declare Defendants' conduct unconstitutional, id. at 7; Plaintiff also seeks a temporary restraining order enjoining Defendants from continuing conservatorship proceedings until they comply with California's Welfare & Institutions Code, see TRO Mot. (dkt. 4) at 1–2.

Plaintiffs' claims are not properly before this Court, however, under the doctrine of Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976). There, the Supreme Court instructed that where there are concurrent state and federal proceedings, federal courts should consider certain factors in deciding whether to abstain. These factors include "(1) whether either court has assumed jurisdiction over a res; (2) the relative convenience of the forums; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; and (6) whether the state proceeding is adequate to protect the parties' interest." Estate of Groper v. County of Santa Cruz, No. C-93-20925 RPA, 1994 WL 680041, at *4 (N.D. Cal. Dec. 1, 1994). All of these factors point in favor of abstention here. And courts typically abstain in collateral federal challenges to state-court conservatorship disputes. See, e.g., id.; Kawecki ex rel. Marlowe v. County of Macomb, 367 F. Supp. 2d 1137, 1149–50 (E.D. Mich. 2005).

Accordingly, the Court **ABSTAINS** from this action and **DENIES** Plaintiff's request for a temporary restraining order.

**IT IS SO ORDERED.**

Dated: August 19, 2025

CHARLES R. BREYER
United States District Judge

2